**In re Petition for DISCIPLINARY ACTION AGAINST Nicholas Bradley SCHUTZ, a Minnesota Attorney, Registration No. 343675.**

No. A13–1791.

Supreme Court of Minnesota.

May 6, 2014.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action and a supplementary petition for disciplinary action alleging that respondent Nicholas Bradley Schutz committed professional misconduct warranting public discipline, namely, failing to properly maintain all required trust account books and records, failing to cooperate with the Director, and failing during the disciplinary proceedings to timely respond to discovery requests and comply with the referee's orders, in violation of Minn. R. Prof. Conduct 1.15(c)(3), 3.4(c) and (d), 8.1(b), 8.4(d), and Appendix 1 thereto, and Rule 25(a), Rules on Lawyers Professional Responsibility (RLPR).

Respondent withdraws his previously filed answer, unconditionally admits the allegations in the petition and supplementary petition, and waives his rights pursuant to Rule 14, RLPR. The parties have entered into a stipulation for discipline in which they jointly recommend that the appropriate discipline is an indefinite suspension for a minimum of 90 days and that respondent petition for reinstatement.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Nicholas Bradley Schutz is indefinitely suspended from the practice of law, effective 14 days from the date of the filing of this order, for a minimum of 90 days. Respondent may petition for reinstatement pursuant to Rule 18(a)–(d), RLPR. Any petition for reinstatement must be accompanied by all trust account books and records the Director requires to do an audit of respondent's trust account for the period covered by this disciplinary matter. Reinstatement is conditioned on successful completion of the professional responsibility portion of the state bar examination and satisfaction of continuing legal education requirements, pursuant to Rule 18(e), RLPR. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/_____
Alan C. Page
Associate Justice